**Kim CHAMBERS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Docket No. 96–3544.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 4, 1997.

Decided Feb. 7, 1997.

Kim Chambers, White Deer, PA, pro se.

Shari D. Leventhal, Assistant United States Attorney for the Eastern District of New York (Zachary W. Carter, United States Attorney, Seth L. Marvin, Assistant United States Attorney, of counsel), Brooklyn, NY, for Respondent.

Before: CARDAMONE, WINTER, and CABRANES, Circuit Judges.

WINTER, Circuit Judge:

This proceeding arises from a transfer by Judge Glasser of two petitions filed *pro se* by Kim Chambers, an incarcerated prisoner. The district court regarded the petitions as successive petitions under 28 U.S.C. § 2255, which could not be filed without our permission under 28 U.S.C. § 2244. We transfer the first petition back to the district court and dismiss the other.

Chambers had pleaded guilty to an information of one count of using a telephone in committing the distribution of cocaine base, in violation of 21 U.S.C. §§ 843(b), 841(c), and 18 U.S.C. § 2, and a second count of use of a firearm in connection with the drug offense, in violation of 18 U.S.C. §§ 924(c)(1), 924(c)(2), and 18 U.S.C. § 2. He received a 48 month sentence for count one to be followed by a mandatory consecutive sentence of 60 months for count two.

On April 5, 1994, Chambers filed an application claiming that he was entitled to jail credit for the time he was incarcerated prior to sentencing, beginning with his arrest by the New York Police Department on October 18, 1989. The district court dismissed the petition because, *inter alia*, it was improperly brought as a Section 2255 claim instead of a Section 2241 claim. The court found that Section 2241 was the proper method for raising "[c]hallenges of sentence computation" which "must be addressed to a court in the district in which [the petitioner] is incarcerated and the petitioner must first exhaust all administrative remedies." *Chambers v. United States*, No. CV94–1804, at 6 (E.D.N.Y. Feb. 6, 1995) (citing *Velasco v. United States*, 1992 WL 135029 (E.D.N.Y. May 28, 1992)). On October 5, 1995, Chambers filed a second petition alleging the same claim in the Middle District of Pennsylvania, where he was incarcerated. The Pennsylvania district court construed the petition as a Section 2241 claim and denied it on its merits. *Chambers v. Holland*, 920 F.Supp. 618 (M.D.Pa.), *aff'd*, 100 F.3d 946 (3d Cir.1996) (unpublished order).

On June 11, 1996, Chambers filed a third petition in the Eastern District of New York that challenged count two of his conviction

under *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (conviction under 18 U.S.C. § 924 requires active employment of firearm, not mere possession). On September 16, 1996, Chambers filed yet a fourth petition raising the same challenge to the computation of his sentence that he had raised in the 1994 and 1995 motions. The district court found that the June 11, 1996 and September 16, 1996 petitions were motions filed pursuant to Section 2255, and were thus successive to Chambers's previous motions filed under Section 2255 in 1994 and 1995. Accordingly, the district court transferred the petitions to this court, as required by *Liriano v. United States,* 95 F.3d 119 (2d Cir.1996). Chambers then filed a motion opposing transfer and an application for leave to file a successive Section 2255 motion pursuant to 28 U.S.C. § 2244.

Section (b)(3)(A) of 28 U.S.C. § 2244, known as the "gatekeeping provision" of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, § 106, 110 Stat. 1214, 1220–21 (1996) ("AEDPA"), specifically requires a petitioner to apply to the court of appeals for permission to file a "second or successive" petition. Section (b)(3)(C), 28 U.S.C. § 2244, instructs the court of appeals to grant such authorization only if the petitioner makes a *prima facie* showing that the application satisfies the following requirements of Sections (b)(1) and (b)(2)(A) & (B):

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244. The Supreme Court upheld the gatekeeping provisions in *Felker v. Turpin,* —— U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). It found that "[t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.' " *Id.* —— U.S. at ——, 116 S.Ct. at 2340.

The gatekeeping provisions do not define what is meant by a "second or successive" application. *Camarano v. Irvin,* 98 F.3d 44, 45–46 (2d Cir.1996) (per curiam). We hold that a petition asserting a claim to relief available under 28 U.S.C. § 2255 is not a "second or successive" application where the prior petition(s) sought relief available only under 28 U.S.C. § 2241. Sections 2255 and 2241 offer relief for different claims. Section 2255 provides for relief: (i) where the sentence was imposed in violation of the Constitution or laws of the United States; (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 470–71, 7 L.Ed.2d 417 (1962). A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may therefore make a claim pursuant to Section 2255. *Dioguardi v. United States,* 587 F.2d 572, 573 (2d Cir.1978) ("A motion under section 2255 must . . . be directed to the sentence as it was imposed, not to the manner in which it is being executed."). A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241. *See United States v. Werber,* 51 F.3d 342, 349 n. 17 (2d Cir.1995) (challenge to Bureau of Prisons' calculation of sentence under 18 U.S.C. § 3585 is properly raised in § 2241 petition);

*Cabrera v. United States,* 972 F.2d 23, 25–26 (2d Cir.1992) (Section 2255 cannot be used to challenge decision to deny parole by Parole Commission after imposition by court of sentence); *see also Neary v. United States,* 998 F.2d 563, 564 n. 1 (8th Cir.1993); *United States v. Weathersby,* 958 F.2d 65, 66 (5th Cir.1992) (per curiam).

 Because Sections 2255 and 2241 address different types of claims, filing a Section 2255 motion after filing a Section 2241 motion does not trigger the gatekeeping provisions of Section 2244. The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ. *See Felker,* —— U.S. at ——, 116 S.Ct. at 2340; *Camarano,* 98 F.3d at 45. However, a petitioner who files a Section 2255 motion may raise claims that could not have been raised in a previous Section 2241 petition, and we see no abuse of the writ in such a situation. *See McCleskey v. Zant,* 499 U.S. 467, 489, 111 S.Ct. 1454, 1467–68, 113 L.Ed.2d 517 (1991) (abuse of the writ where petitioner "rais[es] a claim in a subsequent petition that he could have raised in his first").

We also hold that if a prisoner erroneously labels a petition as being filed under Section 2255 when the relief it seeks is available only under Section 2241, the mislabeling must be disregarded in applying the gatekeeping provision. It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to. We believe that a similar approach should be followed in applying the gatekeeping provision. In the instant matter, Chambers's April 5, 1994 and October 5, 1995 motions were, in essence, challenges to the Bureau of Prisons' execution of his sentence. As such, he sought relief pursuant to Section 2241. Thus, Chambers's June 11, 1996 petition, asserting a claim under *Bailey v. United States, supra,* is Chambers's first petition that raises a claim for relief available under Section 2255. Chambers does not need our authorization to file an initial Section 2255 habeas petition. We therefore remand this petition to the district court for further proceedings.

Chambers's September 16, 1996 petition reiterates the same jail-credit claim asserted in his 1994 and 1995 motions. Because this issue has already been decided on its merits, *Chambers v. Holland,* 920 F.Supp. 618 (M.D.Pa.), *aff'd,* 100 F.3d 946 (3d Cir.1996), we dismiss the motion pursuant to 28 U.S.C. § 2244(a).