**Stephen P. CADY, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 96–CV–1244.**

United States District Court,
N.D. New York.

July 9, 1997.

---

Pinnisi, Wagner, Sherwyn & Geldenhuys, P.C. (Michael Pinnisi, of counsel), Ithaca, NY, for plaintiff.

Thomas J. Maroney, United States District Attorney for the Northern District of New York (Thomas Spina, Jr., Asst. U.S. Atty.), Albany, NY, for the U.S.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

### I. PROCEDURAL HISTORY

Pending before the Court is plaintiff's motion for declaratory judgment filed pursuant to 28 U.S.C. § 2201 ("Declaratory Judgment Act"). Plaintiff, Stephen Cady, a defendant in a prior related criminal action,[1] asks this Court to determine what effect his prospective filing of a § 2255 motion would have on a plea agreement executed between him and the government, the defendant herein. *See* 28 U.S.C. § 2255. The government opposes plaintiff's motion, arguing that until plaintiff actually files his § 2255, no case or controversy exists and, thus, the Court lacks subject matter jurisdiction. In the event that subject matter jurisdiction exists, both parties move for summary judgment.

### II. FACTUAL HISTORY

On April 7, 1994, the government, acting pursuant to a warrant, raided plaintiff's residence. The next day the government charged plaintiff with using a .9mm Uzi machine gun during and in relation to a drug trafficking crime. On April 15, 1994, the government, by an amended Criminal Complaint, charged plaintiff with possessing an unregistered firearm. *See* 18 U.S.C. § 924(c); 26 U.S.C. § 5861(d). The affidavit attached to the original Criminal Complaint also alleged that plaintiff engaged in extensive marijuana cultivation.

---

1. *See United States v. Cady,* 1996 WL 650662 (N.D.N.Y. Nov. 5, 1996).

On August 3, 1994, plaintiff and the government entered into a written plea and cooperation agreement by which terms plaintiff pleaded guilty to a two-count information charging him with (1) using and carrying a firearm during and in relation to a drug trafficking crime and (2) manufacturing marijuana. *See* 18 U.S.C. §§ 924(c)(1), 21 U.S.C. 841(a)(1). As part of the plea agreement, plaintiff avoided charges pertaining to the Uzi machine gun, and instead pleaded guilty to possessing a semiautomatic rifle found at his residence.

The substance of the plea agreement provided that the government would not prosecute plaintiff for any charges it could have brought against him following the April 7 raid in return for his: (1) substantial assistance in the government's investigation of the source of his weapons; and (2) completely honest information and testimony. Plaintiff's failure to abide by these terms, or motion to set aside his guilty plea and conviction would give the government the right to reinstate and pursue any charges it dismissed against him. On October 28, 1994, plaintiff agreed to these terms and the Court sentenced him to eight months on the marijuana charge, § 841(a)(1), and sixty months on the gun charge, § 924(c).

Subsequently, the government attempted to indict plaintiff on five charges related to the April 7 raid because the defendant allegedly provided false and misleading statements. The Court, however, dismissed these charges with prejudice finding that they were vindictively motivated. *See United States v. Cady,* 955 F.Supp. 164, 167 (N.D.N.Y.1997).[2]

On December 6, 1995, the United States Supreme Court decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which limited the scope of conduct proscribed by § 924(c). In light of this decision, plaintiff prepared his § 2255 motion seeking to vacate, correct or set aside his § 924(c) sentence. Plaintiff, however, refrained from filing the motion when the government wrote a letter instructing him that such an action would violate the terms of the plea agreement.

Plaintiff now seeks a declaratory judgment as to whether his § 2255 motion would in fact violate the terms of his plea agreement. The Court now turns to the issues presented.

## III. DISCUSSION

Plaintiff seeks a declaratory judgment as to whether he would violate his prior plea agreement by filing his § 2255 motion.[3] The government contends that the Court lacks subject matter jurisdiction over plaintiff's declaratory judgment request because the Declaratory Judgment Act's case or controversy requirement cannot be satisfied until plaintiff files the § 2255 motion. *See* 28 U.S.C. § 2201(a). Alternatively, the government alleges that if subject matter jurisdiction exists, it is entitled to summary judgment on the basis that a § 2255 motion would violate the substance of the plea agreement. Plaintiff moves for summary judgment alleging that his prospective § 2255 motion does not violate the plea agreement because the plea agreement does not expressly prohibit § 2255 motions. The Court will consider each of the foregoing requests and arguments in turn.

### A. Declaratory Judgment

■ The declaratory judgment statute, 28 U.S.C. § 2201(a), states as follows:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon filing of an appropriate plead-

---

**2.** Although the Court dismissed with prejudice the additional charges the government levied against plaintiff stemming from the April 7 raid in *United States v. Cady,* 96–CR–238, 1996 WL 650662, the prospect of penalties stemming from these charges is not moot for purposes of this opinion because the government is currently appealing that decision.

**3.** In *Paese v. United States,* 927 F.Supp. 667, 668, 670–71 (S.D.N.Y.1996), petitioner raised a simi-

lar issue by pleading guilty to a § 924(c) count and then asserting a § 2255 claim based on an intervening change of law represented by *Bailey v. United States,* —— U.S. at ——, 116 S.Ct. at 509. However, because the Court in *Paese* merely "assume[d]," without discussion, that petitioner's guilty plea was not a waiver of his right to challenge his conviction's factual basis, this Court finds *Paese* to be of no assistance in the present matter. *Id.* at 671.

ing, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

A party can seek relief pursuant to the Act if "under all the circumstances, [he can] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959–60, 22 L.Ed.2d 113 (1969); *see also Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

■■■ In the case at bar, plaintiff wishes to file a § 2255 motion to have his prison sentence shortened by five years, alleging that the Court imposed a sentence that violates the laws of the United States. Plaintiff bases his claim on the fact that the October 28, 1994 plea agreement he signed allegedly was premised on an interpretation of 18 U.S.C. § 924(c)(1) subsequently invalidated by *Bailey*, — U.S. at —, 116 S.Ct. at 501. *See* — U.S. —, 116 S.Ct. 501.[4]

The reason for seeking a declaratory judgment, at this time, as opposed to filing a § 2255 motion, is the government's expressed view that if such a motion is filed, the plaintiff will have breached his plea agreement. If the plaintiff breaches his plea agreement, the government could proceed as though no agreement was signed, *i.e.*, reindict plaintiff and make additional charges.

Because plaintiff seeks to file a § 2255 motion, and the government has taken the position that filing such a motion constitutes a breach of plaintiff's prior plea agreement,

the government appears to have plaintiff coming and going. This is because, ostensibly, plaintiff can have his sentence reduced only by filing a § 2255, but by filing such a motion he subjects himself to further charges.

When framed in this context, the declaratory judgment statute's "case or controversy" requirement is met as, clearly, in order for plaintiff to exercise his rights under § 2255, he must know if such a motion violates his plea agreement. Thus, the fact that plaintiff has not filed a § 2255 motion does not, as the government contends, mean that plaintiff's instant request is based on a hypothetical question and seeks an advisory opinion in violation of Article III of the United States Constitution. *See U.S. CONST. Art. III.* Rather, plaintiff's claim identifies an 'uncertain legal relationship' between his proposed § 2255 motion and plea agreement that is ripe for declaratory judgment under *Golden*, 394 U.S. at 108, 89 S.Ct. at 959–60, *Maryland Casualty Co.*, 312 U.S. at 273, 61 S.Ct. at 512, and *Penguin Books USA, Inc. v. Walsh*, 929 F.2d 69, 72 (2d Cir.1991). *See also Albradco, Inc. v. Bevona*, 982 F.2d 82, 87 (2d Cir.1992) (citations omitted).

■ Based on the government's expressed intent to seek additional charges against plaintiff for offenses stemming from the April 7 raid if plaintiff files a § 2255 motion, the Court concludes that plaintiff can seek declaratory judgment under § 2201. *Accord, Associated Indemnity Corp. v. Fairchild Industries, Inc.*, 961 F.2d 32 (2d Cir.1992) (stating that when declaratory judgment is sought and liability is contingent on a given event, the existence of a controversy depends on the practical likelihood that the event will occur). The Court now considers the parties' motions for summary judgment on the issue of whether the filing of a § 2255 motion

---

4. In *Bailey*, the Supreme Court held that a § 924(c) *conviction* could not stand unless the Government showed that a gun was actually used or carried. *See Id.* at — —, 116 S.Ct. at 506–07. While *Bailey* clearly established that "use," under § 924(c)(1), means active employment, it remanded to determine what constituted "carrying." *Id.* at —, 116 S.Ct. at 509. In this Circuit, "carrying" under § 924(c)(1) requires "a showing that the gun is within reach during the commission of the drug offense." *See United*

States v. *Feliz–Cordero*, 859 F.2d 250, 253 (2d Cir.1988); *United States v. Cruz–Rojas*, 101 F.3d 283, 285–86 (2d Cir.1996). However, if the intervening change of law represented by *Bailey* does not undermine the "intelligent" and "voluntary" nature of plaintiff's guilty plea, as apparently it does not, he will be precluded from collaterally attacking it under *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

would violate the terms of plaintiff's plea agreement with the government.

### B. Summary Judgment

Summary judgment must be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). In considering a motion for summary judgment, a Court must draw all reasonable inferences and resolve ambiguities against the moving party. *See Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

 In the instant case, both parties seek summary judgment as to whether plaintiff's § 2255 motion, if filed, would violate the terms of his plea agreement. Plea agreements, as plaintiff and defendant concede, are construed according to principles of contract law. *See United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995). Moreover, the Court notes that under *United States v. Ready*, 82 F.3d 551, 558–59 (2d Cir.1996), plea agreements "must be interpreted strictly against the government."

 Plaintiff and the government disagree as to what post-plea actions the plea agreement prohibits. To determine what actions the plea agreement prohibits, the Court must look to its terms and limitations. If the meaning of the terms and limitations is clear, the Court must construe the plea agreement accordingly. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 59, 115 S.Ct. 1212, 1217, 131 L.Ed.2d 76 (1995)(holding that plain meaning of contract's terms and provisions must be given effect and enforced). However, if the Court finds the terms "guilty plea," "conviction" and "sentence" are ambiguous, the contract principle of *contra proferentum* states that "a drafting party must be prepared to have ambiguities construed against it." *See Wilbur v. Toyota Motor Sales, U.S.A., Inc.*, 86 F.3d 23, 27 (2d Cir.1996). Thus, the Court will not read such terms expansively in relation to their meanings. This is particularly true in the

context of plea agreements. *See Ready*, 82 F.3d at 558–59.[5]

 Because the issue of ambiguity is a "threshold question of [contract] law," the Court considers whether the plea agreement's prohibition against "a motion to set aside [plaintiff's] guilty plea and conviction" is ambiguous. *See Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*, 617 F.2d 936, 940 (2d Cir.1980). For the purposes of contract law an "ambiguous" word or phrase is

one capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business. *See Walk-in Medical Ctrs. Inc. v. Breuer Capital Corp.*, 818 F.2d 260, 263 (2d Cir.1987).

The government does not argue that the words "guilty plea," "conviction" and "sentence" are ambiguous, and the Court finds no authority suggesting that these distinct terms have been used interchangeably. Rather, the Court notes that in its experience the government routinely makes plea agreements employing the terms at issue herein. Moreover, the meaning of these terms are generally understood by prosecutors and defense attorneys.

 Finally, the Court finds that the terms "guilty plea," "conviction" and "sentence" are not capable of more than one meaning when used in the context of a plea agreement. *See e.g. Andrews v. United States*, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963)(stating that a § 2255 motion is distinct from an original criminal case or direct appeal of conviction). A "guilty plea" is "an admission of all the elements of a formal criminal charge," and a "conviction" unambiguously refers to a "finding of guilt." *See McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969); *Deal v. United States*, 508 U.S. 129, 131, 113 S.Ct. 1993, 1995–96, 124 L.Ed.2d 44

---

**5.** The Court here refers to legal ambiguity as opposed to factual ambiguities which are construed against the movant on summary judgment. *See Knight*, 804 F.2d at 11.

## 102

(1993). Clearly, neither term can be confused with "sentence," the term used to refer to the penalty that stems from a guilty plea or conviction. *See United States v. Lewis*, 65 F.3d 252, 255 (2d Cir.1995). Therefore, the Court finds these terms are unambiguous.

▮▮▮▮ Although the government may have wished to preclude plaintiff from filing motions challenging the sentence imposed pursuant to the charges he pleaded guilty to, in addition to the other restrictions in his plea agreement, the Court must "construe the present plea agreement strictly according to its terms and [ ] not read into it requirements that, while in accord with its 'spirit,' were not specifically set forth by the parties." *See United States v. Pollack*, 91 F.3d 331, 335 (2d Cir.1996). Had the government wished to preclude plaintiff from filing a § 2255 motion, it should have added that limitation expressly to the language of the plea agreement. It did not do so. Thus, under *Pollack*, the Court declines to read such a prohibition into the agreement at this time.[6]

For the foregoing reasons, the Court finds that the plea agreement does not prohibit plaintiff from filing a § 2255 motion.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** plaintiff's request for declaratory judgment, and further **GRANTS** plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

---

**6.** The Court does not address the merits of plaintiff's proposed § 2255 herein as the issue before the Court is simply whether the filing of a § 2255 motion would violate the plea agreement. However, the Court notes that pursuant to 28 U.S.C. § 2255, a prisoner sentenced by a federal court may move the court that imposed the sentence to "vacate, set aside or correct the sentence" where (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *see also Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997).

Thus, a petitioner may challenge his *sentence* under § 2255 or any other appropriate procedural mechanism, but petitioner may not challenge his *underlying conviction*. *See* 28 U.S.C. § 2255. Accordingly, the Court cautions plaintiff that, upon filing the anticipated § 2255 motion, the Court must scrutinize the substance of his allegations. Although a § 2255 motion may not be a *per se* violation of a plea agreement, it may still violate a plea agreement if, in substance, it seeks to challenge a conviction rather than a sentence imposed. *See Chambers*, 106 F.3d at 475 (stating that as a rule Courts "construe prisoner petitions without regard to labelling in determining what, if any, relief petitioner is [seeking or] entitled to").