**UNITED STATES of America**

v.

**Michael WALKER, a/k/a Steve Wright, a/k/a, Black, a/k/a Garfield Watson.**

**Criminal No. 95–00276–01.**

United States District Court, E.D. Pennsylvania.

Oct. 20, 1997.

Roberta Benjamin, Asst. U.S. Atty., Philadelphia, PA, for U.S.

John J. Waldron, Allentown, PA, for Michael Walker.

*OPINION AND ORDER*

VAN ANTWERPEN, District Judge.

**I. INTRODUCTION**

Defendant seeks to file a petition under 28 U.S.C. § 2241(c)(3) (a "§ 2241 petition"), re-

questing that his sentence be set aside as a violation of the laws of the United States, and that he be resentenced in accordance with the sentencing guidelines for powder cocaine as opposed to cocaine base crack ("crack"). Defendant bases his argument on *United States v. James,* 78 F.3d 851 (3d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 128, 136 L.Ed.2d 77 (1996). In *James,* the Third Circuit held that the government has the burden of proving that cocaine base is in the particular form of crack in order for the sentencing guidelines for crack to apply. Defendant alleges that the government never established this at the time he was sentenced, and that he was therefore incorrectly sentenced under the guidelines for crack.

The government responds that Defendant's petition should be denied because it is in substance another motion under 28 U.S.C. § 2255 (a "§ 2255 motion"), and therefore may not be used to raise objections not advanced in the original § 2255 motion. Alternatively, the government argues that *James* should not apply because it was decided after Defendant was sentenced and does not merit retroactive application.

## II. BACKGROUND

On June 8, 1995, Defendant pleaded guilty to two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). On December 1, 1995, this court sentenced Defendant to a 181 month term of imprisonment. On June 5, 1996, Defendant filed a § 2255 motion, seeking to have his sentence reduced. This court subsequently granted Defendant's motion and reduced the sentence by 60 months, resulting in a 121 month term of imprisonment. On January 6, 1997, Defendant filed a second § 2255 motion in this court. In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104–132, we struck the motion and directed that the matter be transferred to the Third Circuit Court of Appeals, which would determine whether to allow a second § 2255 motion. Defendant filed his request with the Third Circuit on

February 3, 1997, and the Third Circuit denied his motion on February 26, 1997. On September 8, 1997, Defendant filed the instant § 2241 petition in this court. The government's response was filed on October 1, 1997.

## III. DISCUSSION

### A. Nature of the Petition

 Defendant cites 28 U.S.C. § 2241(c)(3) as the basis for the instant petition. The government responds that Defendant's petition should be treated as another § 2255 motion, and therefore denied, since the Third Circuit refused Defendant permission to file a § 2255 motion on this very issue.

The Supreme Court has noted that while § 2255 serves a gatekeeping function, it has not replaced the traditional writ of habeas corpus available under § 2241: "In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing." *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952) (internal citations omitted). The Third Circuit has identified the distinctly different scenarios in which §§ 2255 and 2241 are to be applied.

> Furthermore, the United States Courts of Appeals have consistently held that a challenge to a sentence **as executed** by the prison and parole authorities may be made by petition for a writ of habeas corpus, whereas a challenge to the sentence **as imposed** must be made under 28 U.S.C. § 2255.

*Gomori v. Arnold,* 533 F.2d 871, 875 (3d Cir.), *cert. denied* 429 U.S. 851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976) (emphasis supplied). In the present case, Defendant challenges the validity of his sentence as imposed, not the manner in which it is being executed. Therefore, the appropriate statutory provision under which Defendant should raise his argument is 28 U.S.C. § 2255.

We note that it is common practice for federal courts to construe prisoner motions and petitions without regard to how they are

labeled when determining what relief, if any, a defendant is entitled to. *See e.g., Chambers v. United States*, 106 F.3d 472, 475 (2d Cir.1997); *Tyler v. United States*, 929 F.2d 451, 453 n. 5 (9th Cir.), *cert. denied*, 502 U.S. 845, 112 S.Ct. 142, 116 L.Ed.2d 108 (1991). Thus, we will treat Defendant's petition as an additional § 2255 motion even though Defendant chose the § 2241 label.

Recently, the Third Circuit allowed a prisoner to challenge his conviction for a second time, even though he had already filed a § 2255 motion. *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). In *Dorsainvil*, the appellate court characterized a prisoner's second § 2255 motion as a § 2241 petition and allowed the prisoner to argue that an intervening change in the law had decriminalized the conduct constituting one of the charges of which he had been convicted. The Third Circuit emphasized the limited application of its holding: "Under **narrow circumstances,** a Defendant in Dorsainvil's **uncommon situation** may resort to the writ of habeas corpus codified under 28 U.S.C. § 2241." *Id.* at 248 (emphasis added).

Defendant's situation can be distinguished from the facts of *Dorsainvil* on two important grounds. First, the intervening case cited by Defendant does not decriminalize his conduct, but rather simply imposes an additional requirement on the government at sentencing. Second, Defendant had the chance to assert any issues raised by *James* in his first § 2255 motion. *James* was decided on March 4, 1996. Defendant's first § 2255 motion was filed three months later on June 5, 1996. These distinctions lead us to conclude that *Dorsainvil* does not apply to Defendant's case. As such, we find that Defendant's petition should properly be treated as another § 2255 motion.

**B. Procedural Bar**

█ Because Defendant failed to incorporate any of the issues raised by *James* in his first § 2255 motion, it would be improper to allow him to advance these issues in a subsequent collateral attack. Section 2255 outlines the circumstances under which additional motions challenging the imposition of a sentence may be raised.

A second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In this case, Defendant failed to raise his *James* arguments in his first § 2255 motion. Defendant later sought the Third Circuit's permission to file a second § 2255 motion in order to pursue just these arguments. The Third Circuit, bound by the requirements quoted above, denied Defendant's request.

█ Having decided that Defendant's current motion is best treated as an additional § 2255 motion, it must be dismissed for two reasons. First, as a § 2255 motion, it is inappropriately before this court. The relevant statute expressly states that permission to file such a motion can only be granted by a court of appeals. Second, because Defendant failed to raise these arguments in his first motion, and was denied permission to assert them in a second, he is procedurally barred from asserting them now. However, even if we were to consider Defendant's arguments, the case upon which he relies would not be applied to his own retroactively.

**C. Retroactivity of *United States v. James***

█ Defendant asserts that the rules regarding retroactivity announced in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), do not apply to *James*. Alternatively, Defendant argues that even if *Teague* does apply, *James* fits into one of the exceptions provided by *Teague*. We are not convinced by either argument.

According to *Teague*, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 301, 109 S.Ct.

at 1070. The case upon which Defendant relies does just that. *James* imposes upon the federal government the obligation of establishing that the cocaine base involved in any offense was crack in order for the enhanced sentencing provisions for cocaine base crack to apply to that offense. *James*, 78 F.3d at 858. Because *James* imposes a new procedural obligation upon the government in cases involving crack, it announces just the sort of "new rule" contemplated by *Teague*.

Because *James* announces a new rule, the rules of retroactivity announced by the Supreme Court in *Teague* apply. In *Teague*, the Supreme Court adopted the position previously advanced by Justice Harlan in *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971). Under this view, with two exceptions, "new rules generally should not be applied retroactively to cases on collateral review." *Teague*, 489 U.S. at 305, 109 S.Ct. at 1073. The exceptions involve cases in which the new rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or in which the new rule "requires the observance of those procedures that are implicit in the concept of ordered liberty." *Id.* at 307, 109 S.Ct. at 1073 (internal quotations omitted). The Third Circuit has adopted the *Teague* approach to retroactivity. *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 303 (3d Cir.), *cert. denied* 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991).

As we have already stated, the procedural rule of law announced in *James* did not decriminalize Defendant's conduct. Nor did the clarification announced in *James* implicate "those procedures that are implicit in the concept of ordered liberty" such as the right to counsel which *Teague* offers as an example. Under these circumstances, we conclude that even if Defendant's motion were not procedurally barred, we would not find that *James* was retroactively applicable to Defendant's case. However, even if *James* were to be applied retroactively, it would not entitle Defendant to the relief he seeks.

### D. Defendant's Admission that Cocaine Base was Crack

■ Defendant asserts that his case mirrors the facts at issue in *James*. The defendant in *James* pleaded guilty to possession and distribution of cocaine base. He was then sentenced under the sentencing guidelines for cocaine base crack, rather than those for cocaine powder. The *James* defendant appealed his sentence, asserting that the Government never proved that the drugs involved were crack rather than another form of cocaine base. After a careful review of *James*, we believe that even if we were to allow Defendant to assert his new argument he would not be entitled to the relief he requests.

In *James*, the only reference to "crack" in the record was made by the Government during the plea colloquy. Under those circumstances, the Third Circuit wrote:

> We do not believe that, without more, the casual reference to crack by the Government in the colloquy with the court over the relevant quantity of cocaine base in determining [the defendant's] offense level unmistakably amounted to a knowing and voluntary admission that the cocaine base constituted crack.

78 F.3d at 856 (internal quotation omitted). In contrast to the circumstances of *James*, a review of the record in the instant case indicates that Defendant twice acknowledged that the cocaine base involved was crack.

First, the Guilty Plea Agreement signed by Defendant and his counsel explicitly states:

> The defendant agrees to plead guilty to an Information charging him with two counts of possession with intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base, ... arising from his possession of approximately 224 grams of "**crack**" cocaine ... on March 23, 1995 and his possession of approximately 111 grams of "**crack**" cocaine on April 20, 1995.

*Guilty Plea Agreement* of 6/9/95 ¶ 1 (emphasis supplied). The explicit, repeated use of term "crack" in the document signed by De-

fendant indicates the kind of knowing, intelligent waiver which the Third Circuit found lacking in *James*.

Second, Defendant's counsel admitted during sentencing proceedings that the cocaine base involved was crack. Counsel's second argument for a downward departure was based on the disparate sentencing guidelines for crack and powder cocaine. Counsel said, "Number two, the disparity that is still in the law between crack and powder cocaine, Judge. The guidelines are as stated relative to the crack, but **if this was** powder cocaine at this weight, **it would be** a guideline of twenty-two." Sentencing Hearing Transcript ("Tr.") 12/1/95 at 8 (emphasis added). We then asked the Defendant if he disagreed with anything his lawyer had said, and he did not indicate any disagreement with the statements of his lawyer. *Id.* at 15–16. The admissions by both Defendant and his counsel that the drug involved was crack clearly distinguish this case from *Jones*. The Government also referred to the substance involved repeatedly as crack. *Id.* at 18. Accordingly, even if we were to allow Defendant's motion and apply *Jones* retroactively, Defendant would not be entitled to have his sentence vacated and recalculated.

### IV. CONCLUSION

Defendant's so-called § 2241 petition is actually a § 2255 motion in disguise. As such, it is procedurally barred. However, even if we were not precluded from considering this motion on its merits, the authority cited therein would not apply to Defendant retroactively. Finally, even if this authority were applicable, Defendant would not be entitled to the relief he seeks. For these reasons, Defendant's motion must be denied. An appropriate order follows.

### *ORDER*

AND NOW, this 20th day of October, upon consideration of Defendant's Petition to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody Pursuant to Title 28 Section 2241(c)(3), filed September 8, 1997, and the Government's response, filed October 1, 1997, it is hereby **ORDERED** that Defendant's petition is **DENIED**.