UNITED STATES ex rel. Belinda Renee BRYANT, Petitioner,

v.

WARDEN, Federal Correctional Institute, Danbury, Respondent.

No. 3:98CV2219(WWE).

United States District Court, D. Connecticut.

Aug. 31, 1999.

Timothy C. Moynahan, Waterbury, CT, Cheryl J. Sturm, Westtown, PA, for plaintiff.

Carolyn Aiko Ikari, U.S. Attorney's Office, Hartford, CT, for defendant.

### RULING ON MOTION TO DISMISS OR TO TRANSFER PETITION FOR WRIT OF HABEAS CORPUS

EGINTON, Senior District Judge.

Petitioner, Belinda Bryant, who is incarcerated at the Federal Correctional Institution ("FCI") in Danbury, has filed for a writ of habeas corpus pursuant to 28 U.S.C. Sections 2241 and 2243. Specifically, petitioner brings her action on grounds of ineffective assistance of counsel and violation of due process and equal protection of the laws. Respondent has filed a motion to dismiss or to transfer the petition to the Eastern District of North Carolina.

### BACKGROUND

On November 13, 1995, petitioner appeared with counsel and pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. Section 846, and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Section 924(c). Prior to entry of the guilty plea, petitioner executed a plea agreement waiving her right to appeal the sentence excepting an appeal related to an upward departure or ineffective assistance of counsel.

On March 12, 1996, a United States district judge in the Eastern District of North Carolina sentenced Ms. Bryant to 235 months of imprisonment on the conspiracy count and to 60 months of imprisonment on the possession of a firearm count.

On April 17, 1996, petitioner filed a pro se notice of appeal out of time. May 13, 1996, the district court granted petitioner's motion for leave to file an appeal out of time. However, on May 14, 1996, petitioner filed a motion for voluntary dismissal.

Thereafter, petitioner's attorney drafted a Section 2255 motion attacking the conviction and sentence imposed on the possession of the firearm count. However, petitioner wanted to attack the convictions and sentences imposed on both the conspiracy and firearm counts. This disagreement concerning the scope of her Section 2255 motion resulted in a breakdown of the attorney-client relationship.

On October 14, 1997, petitioner filed a letter requesting an extension of time in which to file a Section 2255 motion. Although the government did not oppose the extension, the district court denied petitioner's motion because the one year statute of limitations for filing Section 2255 motions had run.

Subsequently, petitioner filed this petition for writ of habeas corpus. On December 9, 1998, this Court issued an Order to Show Cause, directing the petitioner to serve her petition upon the Office of the United States Attorney for the District of North Carolina and directing the warden to respond to the petition.

### ANALYSIS

Respondent claims that petitioner has improperly brought her action pursuant to Section 2241 and that petitioner's challenge may only be raised pursuant to Section 2255. Petitioner counters that her Section 2241 petition is proper because Section 2255 is inadequate to test the legality of her detention.

■ Generally, a criminal defendant convicted in federal court may bring a collateral attack pursuant to Section 2255 to challenge the imposition of an unconstitutional or otherwise illegal sentence. *See Chambers v. United States,* 106 F.3d 472, 474–75 (2d Cir.1997). However, Congress placed limits on federal collateral review with the Antiterrorism and Effective Death Penalty Act ("ADEPA"), which amended Section 2255. *See* Pub.L. No. 104–132, 110 Stat. 1214. Specifically, the amendment provided for a one year statute of limitations on filing a Section 2255 motion and required that a successive Section 2255 motion be certified by the appropriate court of appeals. 28 U.S.C. § 2255.

■ A criminal defendant may bring a Section 2241 petition to attack the execution of a sentence. *Chambers,* 106 F.3d at 474–75 (2d Cir.1997). Additionally, a petitioner may seek a writ of habeas corpus pursuant to Section 2241 when Section 2255 proves inadequate or ineffective to test the legality of the detention. *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir.1997).

*Triestman* instructs that Section 2255 is inadequate or ineffective only in those instances where failure to allow for collateral review would raise serious questions as to Section 2255's constitutional validity. As *Triestman* elaborated, the cases in which such serious questions arise will be relatively few. If the remedy afforded by Section 2255 were rendered inadequate or ineffective whenever a federal prisoner faces a substantive or procedural barrier to Section 2255 relief, Congress would have accomplished nothing in its attempt to limit federal collateral review through the ADEPA.

■ In the instant case, petitioner attacks the legality of the imposition of her convictions and sentences rather than the execution of her sentences. Petitioner asserts that her counsel was ineffective because he (1) failed to raise a challenge pursuant to *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472

(1995) concerning the use of a firearm in a drug crime; (2) failed to alert the court of her drug and alcohol use; (3) failed to challenge the standard of proof applied to aspects of her sentence calculation; (4) failed to raise a challenge concerning the legality of a cooperating witness' testimony; (5) failed to present the value of her cooperation with the government; (6) opposed her efforts to appeal; and (7) failed to file the Section 2255 motion. Additionally, she alleges a violation of due process and equal protection of the law because the judge was biased and the plea agreement was breached by the government's failure to file departure motions. Since these grounds address the imposition of her convictions and sentences, petitioner should pursue the remedy provided by the statutory scheme of Section 2255.

■ Petitioner's claim that Section 2255 is inadequate or ineffective is unpersuasive. She argues that the district court's sua sponte assertion of the statute of limitations indicates that the judge was biased against her and thereby renders the remedy of Section 2255 inadequate or ineffective. However, the mere fact that the district court acted upon a statutory provision does not indicate bias. In this instance, the remedy of Section 2255 is *not* inadequate or ineffective as contemplated by *Triestman.*

Petitioner may not use Section 2241 to circumvent the statutory scheme for pursuing her remedy pursuant to Section 2255, and her petition pursuant to Section 2241 will be dismissed.

### CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss the Petition for Writ of Habeas Corpus pursuant to Section 2241 [doc. 6-1] is GRANTED. Respondent's alternative motion to transfer venue [doc. 6-2] is DENIED. The clerk is instructed to close this case.