Akram LEWAL, Petitioner–Appellant,

v.

WARDEN, FCI RAY BROOK, Respondent–Appellee,

No. 02–2293.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Cheryl J. Sturm, Law Office of Cheryl J. Sturm, Chadds Ford, PA, for Petitioner–Appellant.

Elizabeth S. Riker, U.S. Attorney's Office, Syracuse, NY, for Respondent–Appellee.

PRESENT: Hon. F.I. PARKER, Hon. STRAUB, and Hon. RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE

OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Petitioner-appellant Akram Lewal appeals from a judgment entered April 12, 2002 in the United States District Court for the Northern District of New York (Lawrence Kahn, *Judge* ) dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner principally challenges the legality of his sentence as imposed. Such claims are more properly raised in petitions filed pursuant to 28 U.S.C. § 2255. *See Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) ("A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may therefore make a claim pursuant to Section 2255.... A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241.") (quotations and citations omitted).

Section 2255 provides an exception for petitioners who demonstrate that the remedy available under Section 2255 would be "inadequate or ineffective to test the legality of his detention." *Id.* Triggering this "savings clause" requires a showing that "failure to allow for collateral review would raise serious constitutional questions," *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997), such as if a petitioner has a credible claim of "actual innocence," *id.,* at 363.

Here, Petitioner makes no such claims of actual innocence in his petition. To the extent that he relies upon *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) to trigger the "savings clause," his claim is barred by *Forbes v. United States,* 262 F.3d 143, 145–46 (2d Cir.2001) (per curiam) (*"Apprendi* is not a new rule of constitutional law which has been made retroactive to cases on collateral review by the Supreme Court.").

We note that Petitioner deliberately sought relief under Section 2241 and expressly declined to re-cast his petition under Section 2255. We, likewise, decline to construe the petition as one not intended or pursued by Petitioner. Lacking an identifiable remedy available to Petitioner under Section 2241, the petition must be dismissed.

For the reasons stated above, we AFFIRM the dismissal of Petitioner's Section 2241 petition.