**Alfredo GARCIA–CRUZ Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 02 Civ. 9307(MBM).

United States District Court, S.D. New York.

June 19, 2003.

Alfredo Garcia–Cruz, Loretto, PA, Pro se.

James B. Comey, United States Attorney for the Southern District of New York, Jeffrey A. Udell, Assistant U.S. Attorney, White Plains, NY, Petitioner pro se.

OPINION AND ORDER

MUKASEY, District Judge.

Alfredo Garcia–Cruz has styled this proceeding a motion to "clarify" the judgment of conviction in his criminal case, 99 Cr. 0019. He suggests that the motion may be brought pursuant to Fed.R.Crim.P. 36, which permits a court to correct a clerical error in a judgment to conform to the sentence pronounced by the court. As set forth below, this motion in fact has nothing whatever to do with correcting a clerical error, or "clarifying" anything, but rather concerns Garcia–Cruz's objection to the Bureau of Prisons' computation of the time he must serve. That matter should be raised with the Bureau of Prisons ("BOP") through the procedures it provides, and, if Garcia–Cruz remains unsatisfied with the result after exhausting BOP remedies, through a petition pursuant to 28 U.S.C. § 2241 in the district where he is incarcerated.

I.

Garcia–Cruz, a native and citizen of the Dominican Republic, pleaded guilty before this court on April 6, 1999, to having unlawfully reentered the United States after having been deported to his native country in 1989 following his conviction in 1987 in the courts of the State of New York for criminal sale of a controlled substance. At the time of his plea before this court in 1999, Garcia–Cruz was serving two state sentences imposed in 1997 for controlled substance violations—one of 42 to 84 months and the other of two to four years.

Following his guilty plea in this court, Garcia–Cruz moved to withdraw that plea, but eventually withdrew that motion and was sentenced on February 25, 2000, principally to 77 months' imprisonment, followed by three years of supervised release. He spent about 13 months in federal custody from the time he was brought before this court on a writ of *habeas corpus ad prosequendum* to answer the charges in

the indictment, until the time he was sentenced.

At the sentencing, the court accepted the request of defense counsel that Garcia–Cruz be sentenced at the low end of the Sentencing Guidelines range of 77–96 months, even though the Presentence Report recommended 90 months. (*Compare* Gov't Mem. Ex. C, p. 3 *with id.* Ex. A, p. 15) The court did not specify at the time of sentence whether the federal sentence was to run concurrent with or consecutive to Garcia–Cruz's remaining state sentence. However, the court's response to defense counsel at the suggestion in his letter that if Garcia–Cruz had been prosecuted sooner for illegal reentry he might have received credit against both sentences for the time he spent in federal custody, was as follows:

I should tell you that even if the prosecution had been initiated sooner I don't know, obviously I don't know what the state would have done by way of counting federal time toward his state sentence. I don't give volume discounts so I would not have counted state time for the federal sentence, you can rest assured of that.

(2/25/00 Tr. 3)

Garcia–Cruz states on the seventh unnumbered page in his motion that he was returned to the custody of New York State on March 22, 2000, and came back into federal custody "on or about August 10, 2000." Soon thereafter, Garcia–Cruz discovered that the BOP did not give him credit for the 13 months he spent in federal custody before he was sentenced; that failure is the source of Garcia–Cruz's complaint in this case.

II.

Federal Criminal Rule of Procedure 36, upon which Garcia–Cruz relies, provides:

After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.[1]

There was no clerical error or mistake in the judgment. Thus, the cited Rule provides no help to Garcia–Cruz.

■■■ A petitioner who seeks "to challenge the legality of the *imposition* of a sentence by a court" may file an application pursuant to 28 U.S.C. § 2255. *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997) (emphasis in original). However, when a petitioner seeks to challenge not the lawfulness of the imposition of the sentence but rather its execution, his petition is properly filed pursuant to 28 U.S.C. § 2241. *See Chambers*, 106 F.3d at 474–75. Such a challenge would include "such matters as the administration of parole, *computation of a prisoner's sentence by prison officials*, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001) (emphasis added). Rule 36 is not meant to be used for that purpose. *See United States v. Werber*, 51 F.3d 342, 346–48 (2d Cir.1995) (reversing corrected judgment filed pursuant to Rule 36 to reflect "time served" sentence following BOP calculation of credit, holding that Rule 36 may not be used for that purpose).

■■■ Moreover, absent unusual circumstances not present here, a Section 2241

---

1. At the time Garcia–Cruz filed his motion, the text of the Rule was slightly different, as follows, but the difference does not affect the outcome of this motion: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

petition generally must be brought in the district where the petitioner is in custody, because it must name his custodian—who in the usual case is the prison warden—as respondent. *See, e.g., Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2d Cir.1976) ("In order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian."). *But see Padilla ex. rel. Newman v. Bush,* 233 F.Supp.2d 564, 578–86 (S.D.N.Y.2002) (court had jurisdiction over Section 2241 petition despite petitioner being held in a different district because court had jurisdiction over the Secretary of Defense, who, given his direct participation in petitioner's detention, was properly named respondent).

█ Still further, Garcia–Cruz in any event could not petition under Section 2241 if he did not exhaust the remedies available to him within BOP. *See Martinez v. United States,* 19 F.3d 97, 99 (2d Cir.1994) (requiring a prisoner to exhaust BOP remedies before seeking relief in court for alleged miscalculation of sentencing credit).

Whether Garcia–Cruz would be successful in such an effort is another matter. Two statutes govern here. The first is 18 U.S.C. § 3584(a), which directs that multiple sentences imposed at different times are presumed to run consecutively, unless the court directs otherwise. As noted above, the court did not specify otherwise at the time of Garcia–Cruz's sentence, and thus his state and federal sentences are presumed to run consecutively. Calculation of an inmate's sentence is governed by 18 U.S.C. § 3585, which provides in pertinent part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.

18 U.S.C. § 3585(b). An employee of BOP has certified that Garcia–Cruz received credit from New York state correctional authorities against his state sentence for all time he served from January 21, 1997 through August 20, 2000. (Gov't Mem. Ex. D, p. 3) That is to say, the 13 months Garcia–Cruz spent in federal custody was credited against another sentence—his state sentence. Thus, it would appear that Garcia–Cruz is simply complaining that he did not receive double credit—against both his state sentence and his federal sentence—for the 13 months he spent in federal custody before his sentence was imposed on February 25, 2000.

For the above reasons, Garcia–Cruz's motion is denied without prejudice to any petition he may file in a proper court pursuant to 28 U.S.C. § 2241.

SO ORDERED.