BLD-087                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4173
_____

LAMAR CALDWELL,
                                         Appellant

v.

J.T. SHARTLE, WARDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-05153)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 12, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: February 07, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Lamar Caldwell appeals pro se from the United States District Court for the

District of New Jersey's order dismissing his habeas petition filed under 28 U.S.C.

§ 2241. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

Caldwell is a prisoner currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey. In March 1995, he was convicted of possession of a firearm by a convicted felon in the United States District Court for the Eastern District of Pennsylvania, and on June 16, 1995, the District Court sentenced him to 250 months' imprisonment, plus three years of supervised release. Three days later, Caldwell was sentenced in the Bucks County, Pennsylvania Court of Common Pleas to seven and a half to fifteen years of imprisonment, following his guilty plea to four counts of burglary. The state court sentencing judge recommended that Caldwell's state sentence run concurrently with his federal sentence. Caldwell's appeals as well as a 28 U.S.C. § 2254 petition were unsuccessful.

In 2005, Caldwell filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of New Jersey, asserting that the Federal Bureau of Prisons ("BOP") erred by denying his request for nunc pro tunc designation. That petition was denied on the merits and this Court dismissed the appeal. See Caldwell v. Miner, Civ. A. No. 05-cv-04972, 2006 WL 1877131 (D.N.J. 2006). Then, in April 2010, Caldwell filed a "request to file a nunc pro tunc petition," which was treated as a 28 U.S.C. § 2241 petition, in the Eastern District of Pennsylvania. His trial counsel and the government submitted a letter stating that "the Court may recommend to the Bureau of Prisons that a

2

nunc pro tunc designation for concurrent sentences is appropriate." In July 2010, the Eastern District of Pennsylvania granted the request and amended the June 1995 judgment to add a recommendation that the BOP designate nunc pro tunc the state prison as the facility where Caldwell began his federal sentence.

The BOP declined to act on the District Court's recommendation and Caldwell asked that the Court impose a concurrent sentence under 18 U.S.C. § 3584(a). The BOP submitted a letter explaining that it reviewed Caldwell's case for a nunc pro tunc designation in 2004. Based on input from the District Court at that time, as well as Caldwell's criminal history and a letter from the U.S. Attorney's office, the BOP denied the designation. It reviewed that decision upon receiving the July 2010 District Court recommendation but again denied Caldwell's request. The District Court denied the motion as well as Caldwell's motion for reconsideration, which argued that the federal court was required to give full faith and credit to the state court's sentence. We summarily affirmed the District Court's orders on September 6, 2011. (C.A. No. 11-2376.)

Three days later, Caldwell filed another § 2241 petition, this time in the United States District Court for the District of New Jersey. The new petition again challenged the BOP's denial of Caldwell's request for nunc pro tunc designation, arguing that the BOP should be required to follow the Eastern District of Pennsylvania's recommendation. Additionally, Caldwell again asserted that, under 28 U.S.C. § 1738, the federal courts are required to give full faith and credit to state court judgments,

3

apparently referring to the state court's 1995 recommendation that Caldwell's state and federal sentences run concurrently. The District Court dismissed the petition as barred by the doctrine of res judicata.

Caldwell now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

We agree with the District Court's conclusion that Caldwell's claims have been previously litigated. However, rather than affirm the District Court's dismissal under the doctrine of res judicata, we affirm because the § 2241 petition is barred under 28 U.S.C. § 2244(a). We have held that § 2244(a) applies with full force to claims brought under § 2241. Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008). Caldwell's current § 2241 petition again challenges the BOP's nunc pro tunc decisions and sets forth claims involving the federal courts' alleged obligation to give "full faith and credit" to the state court's sentencing judgment.[1] Caldwell has already raised these claims in his previous

---

[1] We note that Caldwell's submission in support of his appeal only discusses his claim involving the federal court's obligation to give full faith and credit to state court judgments under 28 U.S.C. § 1738. The Eastern District of Pennsylvania's April 2011

4

proceedings. It was not necessary for the District Court to consider the claims again. <u>See</u>

<u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997) (dismissing § 2241 petition

pursuant to § 2244(a) where same claim had been filed in previous § 2241 petition).

For these reasons, we conclude that this appeal presents "no substantial question,"

and will therefore summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R.

27.4; I.O.P. 10.6.

---

memorandum order denying Caldwell's motion for reconsideration noted that Caldwell
had raised this claim.