*United States v. Chavez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-five.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                        No. 24-963

ANDREW DURON, a.k.a. CHAVO, JESSIE ROSALES, a.k.a. ALEX, ANGEL RAMIREZ, CHRISTOPHER CHAVEZ, TYSHAWN WELBORN, a.k.a. BLACK, a.k.a. BLACKS, TODD VERNON, ARTURO HERNANDEZ, a.k.a. TURY,

*Defendants,*

RAUL CHAVEZ, a.k.a. SONNY,

*Defendant-Appellant.*[*]

_____

| | |
|---|---|
| **For Defendant-Appellant:** | Raul Chavez, *pro se*, Anthony, TX. |
| **For Appellee:** | Andrew R. Durham (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 11, 2024 order of the district court is **VACATED** and **REMANDED**.

Raul Chavez – proceeding *pro se* and currently serving a 168-month sentence following his conviction for one count of conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii) – appeals from the district court's denial of his post-conviction and post-appeal challenge to the legality of his superseding indictment, and seeks an immediate

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

release from custody. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision.

It is well-established that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003); *see also McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (emphasizing that we "liberally construe pleadings and briefs submitted by *pro se* litigants" (internal quotation marks omitted and italicization added)). 28 U.S.C. § 2255(a) governs claims of the "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." In determining "whether a motion was made under [section] 2255," we look "to the relief sought in the motion rather than what label the movant used." *Adams v. United States*, 155 F.3d 582, 583 n.1 (2d Cir. 1998); *see also Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to.").

3

Here, the district court construed Chavez's post-conviction motion as one to dismiss the superseding indictment without considering whether it was more properly read as a section 2255 petition. Though Chavez titled his motion "CHALLENGE TO GRAND JURY PURSUANT TO RULE 6(b)(1),(2)," Dist. Ct. Doc. No. 740 at 1, he nonetheless sought both dismissal of the indictment *and* "an order of immediate release from BOP custody," *id.* at 9. What is more, Chavez filed the motion shortly after the mandate had issued affirming his conviction on direct appeal, *see United States v. Duron*, No. 22-1559, 2023 WL 8253056, at *3 (2d Cir. 2023), and following the district court's dismissal, without prejudice, of his previous section 2255 petition as premature.

Accordingly, we **VACATE** the district court's order and **REMAND** for further proceedings. On remand, the district court should consider whether Chavez's motion, despite its labeling, was in fact made under section 2255, and should follow the protocols set out in *Adams* and *Castro* as appropriate.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We deny Chavez's motion to strike the government's brief.

4