CLD-080                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3723
_____

UNITED STATES OF AMERICA

v.

R. STEVEN STACKPOLE,
                                        Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-00-cr-00046-001)
District Judge:  William W. Caldwell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: January 20, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

    R. Steven Stackpole, a prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania denying his motion seeking

credit against his federal sentence for time served in state custody. We will affirm the District Court's order.

In 2000, a federal jury found Stackpole guilty of several offenses, including mail fraud and money laundering, and he was subsequently sentenced by Judge Caldwell to 150 months' imprisonment. In 2007, Stackpole filed a petition pursuant to 28 U.S.C. § 2241 in which he argued that the Bureau of Prisons improperly refused to modify his federal sentence to give him credit for time served in state detention. The District Court (per Judge Vanaskie) denied the petition, explaining its reasoning in a thorough memorandum.

In lieu of appealing this order, Stackpole filed the instant "motion for credit for time served" with Judge Caldwell. Stackpole asked Judge Caldwell "to clear up the ambiguity suggested by Judge Vanaskie's finding and specifically order that R. Steven Stackpole receive retroactive credit for all the time he has been incarcerated." Judge Caldwell denied the motion on the merits, stating that he did not intend to give Stackpole retroactive credit for time served. Stackpole appealed, and subsequently requested that we appoint counsel. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Notably, Stackpole has cited no statutory basis for his motion. Because Stackpole has challenged the manner in which his sentence was executed (as opposed to the validity of his sentence), he seeks relief that is exclusively available under § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (stating that 28 U.S.C. § "2241 is the only

statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"); United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981) (noting proper request for credit on federal sentence for time spent in state custody prior to trial should be pursued under § 2241); see also United States v. Wilson, 503 U.S. 329, 333-35 (1992) (holding that 18 U.S.C. § 3585 authorizes the Attorney General, not the sentencing court, to compute pre-sentence credit).[1]

Construed as a § 2241 petition, it is clear that Stackpole is entitled to no relief. No circuit or district judge need evaluate the legality of a detention where the legality has previously been determined by a federal judge or a federal court. 28 U.S.C. § 2244(a). This rule applies with full force to claims brought under § 2241. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008). Stackpole raised the precise claim he presents here in his previous § 2241 petition, and the District Court considered and rejected it. Neither we nor the District Court need consider the same claim again. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (relying on § 2244(a) to dismiss a jail-credit claim brought in an earlier § 2241 petition).

Moreover, Stackpole has failed to identify any error whatsoever in the District Court's short order denying his motion. Accordingly, even notwithstanding § 2244(a)'s

---

[1]Indeed, Stackpole seems to realize that his request should have been raised under § 2241. In his brief to the District Court, he stated that "this Court may lack the jurisdiction to effectuate a remedy in this 'Motion for Time Credit' form because it should be filed as a 18 U.S.C. § 2241."

bar, Stackpole is entitled to no relief.  We will thus summarily affirm the District Court's order denying Stackpole's motion for credit for time served.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  We will also deny Stackpole's request for appointment of counsel.[2]

---

[2] In his motion for appointment of counsel, Stackpole asserts, for the first time, several ineffective-assistance-of-counsel claims.  Stackpole filed a 28 U.S.C. § 2255 motion in the District Court in 2004, and accordingly, he must obtain this Court's authorization before filing a second or successive § 2255 motion.  See § 2255(h).  Because Stackpole's claims do not satisfy the exacting requirements of § 2255(h), we decline to certify these claims.