UNITED STATES of America

v.

Kevin HILLER

CRIMINAL ACTION No. 06–0096–04

United States District Court,
E.D. Pennsylvania.

Signed March 10, 2017

Francis C. Barbieri, Jr., Mark B. Dubnoff, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

MEMORANDUM

EDUARDO C. ROBRENO, J.

On December 19, 2008, the Court sentenced Defendant Kevin Hiller ("Hiller" or

"Defendant") to eighteen years in prison after a jury found him guilty of three federal offenses arising from his participation in an attempted armed robbery of a Brinks armored truck on August 24, 2005. Now pending before the Court is Hiller's motion for time credit. The Court held a hearing on the motion on May 11, 2016.

For the reasons that follow, the Court will deny the motion, which appears to suffer from several jurisdictional defects, including that Hiller has not shown that he has exhausted his available administrative remedies, and that his request is properly raised only under 28 U.S.C. § 2241. Moreover, even assuming the Court could construe this motion as a § 2241 petition and that Hiller exhausted his administrative remedies, it appears that Hiller is not entitled to the time credit he seeks because the Court intended only that Hiller's federal sentence would run concurrently with the yet-to-be-imposed sentences in his open state court cases at that time—not concurrently also with his then-already-existing state court sentence in an unrelated case.

## I. RELEVANT FACTUAL BACK-GROUND

On February 5, 2007, a jury convicted Hiller of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2; and one count of using or carrying a firearm (or aiding and abetting the use of a firearm) during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. ECF Nos. 107, 108; see also Superseding Indictment, ECF No. 74. These convictions arose from Hiller's participation in an attempted armed robbery of a Brinks armored truck on August 24, 2005.

Following guilty verdicts on all three counts, Hiller offered to cooperate with the Government in an effort to obtain some leniency at sentencing. The Government agreed to meet with him and provided his counsel a proffer letter setting the rules to govern the meeting. Proffer Ltr., Resp. Ex. 2, ECF No. 250–2. The letter specifically explained that it "does not constitute a plea agreement or a cooperation agreement, nor is it a precursor to, or part of, such an agreement." Id. Hiller, who was represented by counsel, signed the letter and subsequently provided information that proved helpful in several state-court prosecutions.

Hiller was sentenced by this Court on December 19, 2008. Based on Hiller's status as a career offender under § 4B1.1 of the Sentencing Guidelines, his advisory sentencing range was 360 months to life in prison. See U.S.S.G. § 4B1.1(c)(3). Due to Hiller's post-conviction cooperation, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. The Court granted the motion and sentenced Hiller to "132 months on each of Counts 1 and 2, to be served concurrently and a term of 84 months on Count 3 to be served consecutively to Counts 1 and 2." Judgment, ECF No. 204. This totaled a sentence of 216 months in prison.

Hiller appealed, contending that the evidence was insufficient to support the jury's verdicts. Notice of Appeal, ECF No. 206. The Third Circuit affirmed his conviction on December 27, 2011. Judgment of Court of Appeals, ECF No. 244. In his supplemental briefing on his motion for time credit, Hiller provides the following timeline of relevant events, which the Government does not contest:

| DATE | EVENT |
|------|-------|
| 09/21/00 | Arrest on state court robbery case (CP-4860-200) ("State Case"). |
| 06/05/01 | Guilty plea in State Case. 4.5- to 10-year sentence imposed, with time credit commencing on 09/21/00. |
| 04/04/05 | Hiller moved to halfway house. |
| 08/24/05 | Commission of robbery in the instant federal case (06-96-04) ("Federal Case"). |
| 03/07/06 | Federal superseding indictment in Federal Case. |
| 10/31/06 | Hiller taken into federal custody. |
| 02/05/07 | Hiller found guilty following federal jury trial. |
| 12/19/08 | 18-year sentence imposed in Federal Case. |
| 01/02/09 | Hiller taken back into state custody to serve balance of parole on State Case. |
| 12/02/09 | Hiller sentenced to 3 to 6 years on state cases generated by his cooperation ("Cooperation Cases"). Sentence to run concurrent with the sentence imposed by this Court on 12/19/08 in Federal Case. |
| 09/07/12 | Hiller paroled from state custody on State Case. |
| 09/27/12 | Federal BOP indicates that this is the start date for service of Hiller's sentence on Federal Case. |

Def.'s Second Suppl. Br. at 1–2, ECF No. 290.

## II. PROCEDURAL HISTORY

On September 29, 2015, the Court received a pro se letter from Hiller requesting that his "federal sentence run concurrently to his state sentence, pursuant to U.S.S.G. 5G1.3(E)." Def.'s Ltr. to Ct., Sept. 29, 2015, at 1, ECF No. 273. On November 18, 2015, the Court ordered Hiller's counsel, George Henry Newman, Esquire, to file a supplemental brief supporting Hiller's letter request.[1] ECF No. 274. Hiller's counsel termed this request a "motion for time credit." ECF No. 276. On February 11, 2016, the Government filed a response in opposition to Hiller's letter request, which the Government termed a "motion for a retroactive reduction in [Hiller']s sentence." ECF No. 277.

After hearing oral argument on May 11, 2016, the Court ordered additional supplemental briefing from both parties on what it deemed Hiller's "motion for time credit." ECF No. 286. Hiller's counsel's second

1. George Henry Newman, Esquire, who had served as Hiller's court-appointed counsel at sentencing, ECF No. 126, was formally re-appointed by the Court on November 23, 2015, to assist Hiller with proceedings on the instant motion. ECF No. 275.

supplemental brief was filed on July 22, 2016, ECF No. 290, and the Government's supplemental response brief was filed on September 21, 2016, ECF No. 295. Hiller's counsel filed a reply to the Government's supplemental response brief on September 27, 2016. ECF No. 296.

## III. DISCUSSION

### A. Hiller's Motion

Hiller makes two distinct requests in the instant motion. First, he requests that the Court order the BOP to retroactively designate service of his federal sentence to the state correctional institution where he was serving a state back-time obligation (hereinafter referred to as the "retroactive designation request"). See Def.'s Second Suppl. Br. at 4–5, ECF No. 290. The time period relating to this request runs from January 2, 2009, until September 27, 2012, totaling 44 months and 26 days. See id. at 5. Second, Hiller requests that the Court order the BOP to credit him with time that he served in federal custody before the date on which he was turned over to the state following his federal sentencing (hereinafter referred to as the "federal custody request"). See id. The time period relating to this request runs from October 31, 2006, until January 2, 2009, totaling 26 months and 3 days. See id.; see also Def.'s Reply at 2, ECF No. 296.

In support of these requests, Hiller relies heavily on BOP Program Statement 5160.05, from which he highlights the following language:

**Concurrent Service of Sentence After Imposition**

The Court may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the State and the Court believed mistakenly that the inmate was in federal custody for service

of the federal sentence on the date of imposition.

Id. at 3 (quoting BOP Program Statement 5160.05 § 9(b)(3)). Hiller contends that this provision gives the Court the "prerogative . . . to nunc pro tunc issue an Order to the Bureau of Prisons that the time Mr. Hiller spent in state custody subsequent to his being sentenced in federal court should be credited to his federal sentence." Id. In Hiller's view, it was "this Court's intention that [he] would serve no more than 18 years, in order to credit him for the cooperation that he afforded the Government, as well as the Commonwealth of Pennsylvania in an unrelated homicide case." Id. at 2.

The Government responds that, although this Court "expressed a desire to have [the federal] sentence run concurrently with sentences that Hiller would soon receive in two open state court cases[,] . . . [the] Court never stated that Hiller's federal sentence should also run concurrently with his existing 10–year state sentence." Gov't's Resp. at 1, ECF No. 295. Further, the Government contends that Hiller's requests run afoul of Section 5G1.3(a) of the Sentencing Guidelines, see id. at 1–2, and that this Court has no greater authority than to advise the BOP regarding potential time credit for the 25 months and 19 days that Hiller spent in federal custody prior to his federal sentencing, see id. at 2–3 (citing United States v. Abreu–Cabrera, 64 F.3d 67, 72–73 (2d Cir. 1995)). Finally, the Government argues that because "Hiller has not provided the Court with copies of any of his submissions or the BOP's denials . . . it is impossible to analyze either the merits of his claim or his procedural assertion that he exhausted his administrative remedies":

If Hiller can provide evidentiary support for his new assertion that the BOP has miscalculated his release date and can

prove that he has exhausted his administrative remedies with regard to this claim, that can be addressed in a later motion, presumably pursuant to 28 U.S.C. § 2241 in the judicial district where he is being imprisoned.

Id. at 3.

### B. Legal Standards and Analysis

■ As a threshold matter, any challenge to the manner in which a sentence was executed—including a motion for time credit—is a challenge that "seeks relief ... exclusively available under § 2241." United States v. Stackpole, 406 Fed.Appx. 586, 586 (3d Cir. 2011) (non-precedential); see also Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (stating that 28 U.S.C. § 2241 "is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) ("[The petitioner's] petition is actionable under § 2241 because he is in custody and he attacks the term of that custody."); United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981) (noting proper request for credit on federal sentence for time spent in state custody prior to trial should be pursued under § 2241); Erickson v. Martinez, No. 10-1102, 2010 WL 3528851, at *2 (M.D. Pa. Sept. 7, 2010) ("[The defendant] has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP." (citing Barden, 921 F.2d at 478–79)). The Court will therefore deny Hiller's motion for time credit for lack of jurisdiction.

■ Even if the Court were to construe Hiller's instant motion as a § 2241 petition, the Court would nevertheless find that the motion has no merit. First and foremost, the Government is correct that the Court intended Hiller's federal sentence to run concurrently only with the yet-to-be-imposed sentences in the two state court cases that were open at the

time of Hiller's federal sentencing—not also to Hiller's then-already-existing state sentence that had been imposed for an unrelated homicide. At sentencing, the Court inquired as to Hiller's "exposure" in his "two open cases in [Common Pleas] Court," for which he had not yet at that time been sentenced. See Sent. Hr'g Tr., at 10:6–11:11, Dec. 19, 2008, ECF No. 242. In discussing the § 3553(a) factors, the Court attributed its downward departure almost exclusively to Hiller's "very significant" cooperation in the state court cases related to the instant federal case. See id. at 37:11–38:15. Indeed, at a hearing on the instant motion, the Court characterized its own sentencing decision as follows:

> I considered the cooperation in this case, and then I considered the cooperation in the two state cases, and I said he's entitled to a substantial departure, which he got which is a one-third departure from his original sentence, and that was the end of the story.

Mot. Hr'g Tr. at 10:1–5, May 11, 2016, ECF No. 297. Because the Court intended Hiller's federal sentence to run concurrently only with his yet-to-be-imposed sentences in the two state court cases that were open at that time, Hiller is not entitled to have his federal sentence retroactively designated to the state institution where he was serving his back time.

■ Regarding Hiller's federal custody request, this Court does not have authority to order the BOP to provide Hiller certain time credit because "[t]he authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP." Rashid v. Quintana, 372 Fed.Appx. 260, 262 (3d Cir. 2010) (non-precedential) (citing United States v. Wilson, 503 U.S. 329, 334–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)). It is unclear

**530**

from this record whether Hiller has exhausted his administrative remedies with the BOP, and thus it is also unclear from this record how the BOP has calculated how much time Hiller has spent "in actual federal custody, and also the amount of time that he should be credited for service of his federal sentence." Def.'s Second Suppl. Br. at 4. The merits of this claim conceivably could be addressed if Hiller were to provide—presumably in a § 2241 petition brought in the proper judicial district—evidentiary support for the alleged miscalculation, and also show that he has exhausted his administrative remedies. This Court, however, lacks jurisdiction to address the BOP's time credit calculation. See Coady, 251 F.3d at 485; Erickson, 2010 WL 3528851, at *2.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Hiller's motion for lack of jurisdiction.

An appropriate order follows.

### ORDER

**AND NOW**, this **10th** day of **March, 2017**, upon consideration of Defendant Kevin Hiller's motion for time credit (ECF No. 273) and the parties' supplemental briefing on that motion (ECF Nos. 276, 277, 290, 295), and following a hearing held on the record on May 11, 2016, at 10:00 a.m., it is hereby **ORDERED** that, for the reasons stated in the accompanying memorandum, Defendant Kevin Hiller's motion for time credit (ECF No. 273) is **DENIED**.

**AND IT IS SO ORDERED.**